Birchard, J.
The record presents a question of boundary, and the several assignments of error may be reduced to a simple ^question : Did the court, upon the evidence, render tho proper judgment ? It is apparent, from the bill of exceptions, that ■the intention of Falkner’s administrators, under whom Harris claimed title, was to convey all the land up to Hare’s land. The ■deed, however, under which tho lessee claimed, gives this description of the land : “ Beginning at Jacob Hare’s southwest corner, to two beeches, a red oak, and sugar trees, in the west boundary of •said half-section, thence south with the section line 113 poles to two whito'oaks and a beech, northwest corner of tho widow’s third part; thence east with the north boundary 160 poles to a stake in the half-section line ; thence north with the said line 113 polos, to a white oak to Hare's southeast corner; thence with Hare's line to the place of beginning.”
The two beeches, red oak, and sugar tree are found to be two rods and fourteen-hundredths from Hare’s southwest corner, and are ■clearly identified, while that corner of Hare's is only to be found by course and distance.
The white oak called for as being at Hare’s southeast corner is *538 also the same distance from the corner, which can only be found by course and distance, and the white oak is now found and identified. The line actually run between the white oak and the two beeches, red oak, and sugar tree, is found to be two rods and fourteen-hundredths from Hare’s line, and to give to Harris two rods less than the length of the lines called for in the deed ; while if Hare’s line is brought down to it, his side 'lines are that much, longer than called for by his deed.
Upon the circuit, I thought the lessee of Harris entitled to this small strip of land, and the chief judge, with some hesitancy, finally concurred with me. A re-examination, with more time to deliberate, has satisfied me of my error, and it is with pleasure that it is in my power to aid in correcting it.
The plaintiff in ejectment can only recover upon the strength of his own title. The weakness of his adversary’s title is no aid to him. The deed here in question called for natural objects and a marked line, also describing them as Haro’s corners and ^Hare’s line. The natural objects and the marked line are found — they are identified; while Hare’s lines and corner have nothing certain by which they can be identified, and their position, as found by course and distance, are such as makes it certain that Falkner’s administrators, when marking the corners and lines of Harris, were mistaken in supposing the line of Hare to correspond. Under the rules of construction, well settled and applicable to a case like this, it is very certain that Harris takes, by his grant, nothing beyond the line so defined; that the less certain ■calls for course and distance, or a call for a recorded or older line, only to be found by a resort to a compass and chain, must yield to calls for natural and fixed objects, which are certain and identitified. See the authorities cited by plaintiff’s counsel.
Judgment reversed.